Original

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

HECTOR MARTINEZ-TORRES, :

Defendant-Petitioner, :

v. : Criminal No.:03-113T

UNITED STATES OF AMERICA, :

:

MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO TITLE 18 U.S.C. §3582(c)(2)

COMES NOW, the above named pro se, defendant-petitioner, (thereafter petitioner) at FCI Fort Dix, NJ., files this motion for modification of sentence, pursuant to title 18 U.S.C. §3582(c)(2).

A separate memorandum in support is attached.

Respectfully submitted,

Hector Martinez-Torres
FCI Fort Dix
PO. Box 2000
Fort Dix, NJ 08640

Date: December 27, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HECTOR MARTINEZ-TORRES, | : |
| | : |
| Defendant-Petitioner, | : |
| v. | : Criminal No.:03-113T |
| UNITED STATES OF AMERICA, | : |
| | : |

MEMORANDUM IN SUPPORT OF MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. §3582(c)(2)

## INTRODUCTION

COMES NOW, the above named, pro se, defendant-petitioner (thereafter-petitioner), at FCI Fort Dix, NJ., files this memorandum in support of motion for modification of sentence pursuant to title 18 U.S.C. §3582(c)(2).

Petitioner set forth grounds for relief.

## JURISDICTION

The district court has jurisdiction pursuant to Title 18 U.S.C. §3582(c)(2); §1B1.10 and §2D1 ... of the United States Sentencing Guidelines.

## BACKGROUND

On June 25, 2004, the petitioner pled guilty to a five count indictment which charged conspiracy to distribute 50 grams or more of cocaine base and heroin (21 U.S.C. §§ 841(a)(1) and b(1) (A) (iii), 846 and 18 U.S.C. §2); Counts II through IV charged distribution of 5 grams or more of cocaine base (21 U.S.C. §§ 841(a)(1) and b(1) (b) (iii) and

18 U.S.C. §2); and Count V charged distribution of heroin (21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. §2). In total weight, the petitioner admitted to being responsible for 84.4 grams of cocaine base in the form known as "crack," and 12.2 grams of heroin.

The Presentence Report determined that the petitioner was a career offender pursuant to USSG § 4B1.1(A), which would have resulted in an adjusted base offense level of 34 and a criminal history category of VI. The resulting range was 262 to 327 months with a ten year mandatory minimum. Without objection of the government the Court granted the petitioner a downward departure pursuant to USSG § 4B1.3(b)(1), for an overrepresented criminal history in this case.

Consequently, on November 5, 2004, the Court sentenced the petitioner to 235 months as to Counts-I to V to be served concurrently with each other. The 235 months penal sentence imposed against the petitioner consisted of an base offense level of 34 and because of the overrepresented history category an adjustment to category V was granted by the court as it felt it could only go below one level pursuant to USSG § 4 B1.3(b)(1). The petitioner is now seeking relief pursuant to a two points reduction based on Amendment 706 now being applied retroactive by the United States Sentencing Commission (USSC) for 'crack' cocaine offenders taking retroactive effect on March 3, 2008.

ARGUMENT

Title 18 U.S.C. §3582(c)(2), provides the following:

> "In the case of a defendant who has been sentenced to a term of imprisonment based on a "sentencing range," that has been subsequently lowered by the United States Sentencing Commission pursuant to 21 U.S.C. §944(o), upon motion by the defendant or the director of the federal Bureau of Prisons, or by its own motion, the court may reduce the term of imprisonment, after conducting the factors set forth in §3553(a), the extent that they are applicable if such reduction of sentence is consistent with applicable policy statements issued by the United States Sentencing Commission."

In this instant case the petitioner seeks a sentence reduction based on Amendment 706 now being applied retroactive effect by the United States Sentencing Commission (USSC), for 'crack' cocaine offenders taking effect on March 3, 2008. The petitioner in this case was sentenced to base offense level 34 for drug quantity and type which involved 'crack' cocaine with a history category of V after the court concluded that history category VI was over-represented in petitioner's case, an adjustment to history category V was granted by the court as it felt authorized to go below one level pursuant to United States Sentencing Guidelines (USSG) §4B1.3(b)(1). Consequently, the petitioner was sentenced after taking into consideration of the three level downward departure for the acceptance of responsibility, pursuant to §3E1.1 of the USSG, to level 34, to a sentence of 235 months of imprisonment, with the imposition of supervised release of a period of 5 years on count 1 through 4 and three years on count 5,

to be served cocurrently. The court imposed also a special assessment of $100.00 on each counts of conviction, and other matters to be dealt with the probation officer upon the conditions of supervised release.

The petitioner asserts that in applying the two level reduction taken of level 34 (235 months imposed) which two points level reduction brings him pursuant to Amendment 706 to base offense level 32 (188-235 months). The petitioner motions this court to resentence him to the low end of level 32 (188 months), as petitioner in-prison conduct subsequent to his initial sentencing is relevant, upon resentencing due to retroactive amendment in Sentencing Guidelines; and because a downward departure previously was granted at the original sentencing may this court, in resentencing due to retroactive amendment in Sentencing Guidelines, depart downward below amended sentencing range as petitioner criminal history category in over-represented as to history category V as the court felt authorized to go below one level pursuant to USSG §4B1.3(b)(1). 18 U.S.C.A. §3582(c)(2).

In support of a resentence on at the low end of base offense level 32 (188 months) the petitioner has exhibited positive adjustments within his current imprisonment which 188 months resentence may be imposed as §3582 does not prohibit consideration of correction and rehabilitation in determining lenght of imprisonment due to retroactive amendment in Sentencing

Guidelines, to aid this court in determining to resentence petitioner at the lower resentencing range of level 32. 18 U.S.C.A. §3582(c)(2). Specifically, the petitioner has indeed maintained positive adjustments in-prison in a serious of vocational and educational program that exhibits petitioner behavior within his current imprisonment and his perceived awareness to change positively.

1. October 2005 - Drug Education Program (Recognized by P. Griffin, PHD, Drug Abuse Coord., Lilia Scauadroni, BA., CASAC & Eleni M. Dariotis, M.E.d., DTS),

2. Dec., 2006 - Achievement Award for the completion of Cardiopulmonary resucitation (CPR) training (Recognized by Recreation Specialist at Fort Dix, NJ.),

3. March 2007 - Award for the completion of 63 hrs. of Nutrition Classess (Recognized by Recreation Specialist at Fort Dix, NJ.),

4. June 2007 - Recognition for completion of 12-week criminal lifestyle change group (Recognized by Group Facilitator" S.T. Kotch, Psy.D., Clinical Psychologist),

5. October 2007 - Award for the successful completion of the Spanish Parenting Program (20 hrs.(Recognized by Mr. Smith, Educational Specialist & J. Tenor, Assistant Supervisor of Education)),

and, because the Sentencing Commission has stated that the new "guideline range is sufficient to achieve the purposes" of the retroactive amendment that triggers resentencing," and because the court in this case granted a downward departure at petitioners initial sentencing such departure may be consider again by this court as it felt only authorized to go below one level pursuant to USSG §4B1.3(b)(1). 18 U.S.C.A. §3582(c)(2).

The government should be mindful to the fact that 'in exchange for petitioners plea of guilty' (Plea Agreement at ¶2.)

a. The government will recommend that the court impose the lowest term of imprisonment for the offense level determined by the court under the USSG, or the Mandatory Minimum, whichever is higher."

-. as the government also conceded to petitioners criminal history category being over-represented in this case at petitioners initial sentencing.

For the foregoing reason stated an adjustment of 188 months or lesser resentence may be imposed in this case after taking into consideration the criterial provided within 18 U.S.C. §3582(c)(2), when applying Amendment 706 recognized by the USSG, as to this petitioner now taking retroactive effect on March 3, 2008 to 'crack' cocaine offenders.

CONCLUSION

For the reasons set forth above relief should be given as petitioner motion promotes the perception of a fair resentence.

Respectfully submitted,

Hector O. Martinez-Torres

Hector Martinez-Torres
FCI Fort Dix
#05382-070
PO. Box 2000
Fort Dix, NJ 08640

Date: December 27, 2007.

See, Proof of service attach

# PROOF OF SERVICE

**I Certify that on** December 27, 2007 **(date) I mailed a copy of all of the attachments via first class mail to the following parties at the addresses listed below:**

United States Attorney's Office
Fleet Street
50 Kennedy Plaza
8th Floor
Providence, RI 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

**In addition tot he above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:**

**I certify that this document was given to prison officials on** December 27, 2007 **(date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746.**

Hector R. [signature]
**(Signature)**

December 27, 2007.
**(Date)**

Original

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HECTOR MARTINEZ-TORRES, | : | |
| Defendant-Petitioner, | : | |
| v. | : | Criminal No.:03-113T |
| UNITED STATES OF AMERICA, | : | |
| | : | |

EXHIBIT(S)

1. October 2005 - Drug Education Program (Recognized by P. Griffin, PHD, Drug Abuse Coor., Lilia Scauadroni, BA., CASAC & Eleni M. Dariotis, M.E.d., DTS),

2. Dec., 2006 - Achievement Award for the completion of Cardopulmonary resucitation (CPR) training (Recognized by Recreation Specialist at Fort Dix, NJ.),

3. March 2007 - Award for the completion of 63 hrs., of Nutrition Classess (Recognized by Recreation Specialist at Fort Dix, NJ.),

4. June 2007 - Recognition for completion of 12-week criminal lifestyle change group (Recognized by Group Facilitator "S.T. Kotch, Psy.D., Clinical Psychologist),

5. October 2007 - Award for the successful completion of the Spanish Parenting Program (20 hrs., (Recognized by Mr. Smith, Educational Specialist & J. Tenor, Assistant Supervisor of Education)).

Respectfully submitted,

By Hector Martinez Torres

Hector Martinez-Torres
FCI Fort Dix
#05382-070
PO. Box 2000
Fort Dix, NJ 08640

Date: December 27, 2007.

1. October 2005 - Drug Education Program (Recognized by P. Griffin, PHD, Drug Abuse Coor., Lilia Scauadroni, BA., CASAC & Eleni M. Dariotis, M.E.d., DTS),

# Federal Bureau of Prisons
# FCI Otisville
# Certificate of Completion

***HECTOR MARTINEZ-TORRES***

05382-070

In recognition of his participation in the Drug Education Program here at FCI Otisville, he is presented with this certificate of completion of the program.

This certificate is hereby issued this 26th day of October 2005

P. Griffin, PhD, Drug Abuse Program Coord.

Lilia Scuadroni, BA., CASAC

Eleni M. Dariotis, M.Ed., DTS

2. Dec., 2006 - Achievement Award for the completion of Cardiopulmonary resucitation (CPR) training (Recognized by Recreation Specialist at FCI Fort Dix, NJ.),

# *Certificate of Training*

awarded to:

## Hector Martinez

Congratulations on the completion CPR Training received at
FCI Fort Dix, New Jersey

*December 06, 2006*

*Date*



*Signed*

3. March 2007 - Award for the completion of 63 hrs., of Nutrition Classess (Recognized by Recreation Specialist at FCI Fort Dix, NJ.),

# *Certificate of Completion*

awarded to:

## Hector Martinez

Congratulations on the completion of 63 hours of **Nutrition Classes** at FCI Fort Dix, New Jersey

*March 15, 2007*

*Date*

*Signed*

4. June 2007 - Recognition for the completion of 12-week criminal lifestyle change group (Recognized by Group Facilitator "S.T. Kotch, Psy.D., Clinical Psychologist),

# Congratulations!

**This certificate is presented to**
**Hector Martinez**
**in recognition of your completion of the 12 week**
**Criminal Lifestyle Change Group**
**at FCI Fort Dix, NJ.**

**Group Facilitator:**
**S. T. Kotch, Psy.D.,**
**Clinical Psychologist, FCI Fort Dix**

**June 1, 2007**

5. October 2007 - Award for the successful completion of the Spanish Parenting Program (20 hrs., (Recognized by Mr. Smith, Educational Specialist & J. Tenor, Assistant Supervior of Education)).

# Certificate of Completion

awarded to:

## Hector Martinez-Torres

For the Successful Completion of the

FCI Ft. Dix

Spanish Parenting Program (20 Hrs.)

M. Smith, Education Specialist

October 3, 2007

J. Tenor, ASOE

# PROOF OF SERVICE

I Certify that on December 27, 2007 (date) I mailed a copy of all of the attachments via first class mail to the following parties at the addresses listed below:

United States Attorney's Office
Fleet Street
50 Kennedy Plaza
8th Floor
Providence, RI 02903

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition tot he above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on December 27, 2007 (date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. 1746.

Hector R. Martinez (signature)
(Signature)

December 27, 2007.
(Date)