IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR. No. 03-119T
:
HECTOR MARTINEZ-TORRES :

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1B1.10, 2D1.1

Facts and Travel

The defendant, Hector Martinez-Torres, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1 B1.10 and 2D1.1. Martinez-Torres' motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

On December 17, 2003, a federal grand jury returned a five count indictment against Martinez-Torres, charging him with one count of conspiracy to possess with intent to distribute and to distribute more than fifty grams of cocaine base and heroin, in violation of 21 U.S.C. § 846, three counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Martinez-Torres entered guilty pleas to all five counts of the indictment

on June 25, 2004. His sentencing guidelines calculation was set at Offense Level thirty-four, Criminal History Category V.[1] The sentencing range was 235 to 293 months imprisonment. He was sentenced on November 5, 2004 to the bottom of the range - 235 months imprisonment - and five years supervised release. At present, his projected release date by the Bureau of Prisons is December 15, 2020.

Martinez-Torres claims that with a two-level downward adjustment under the crack cocaine amendments, his sentencing range should now be 188 to 235 months imprisonment. The government takes issue with these calculations and contends that since Martinez-Torres was sentenced as a career offender, and not based upon an offense level calculation relying on the crack cocaine provisions set forth in Section 2D1.1, the 2007 amendment does not apply to him.

Argument

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the

[1] Under the Presentence Investigation Report, Martinez-Torres was responsible for 84.4 grams of crack cocaine and 27.49 grams of heroin. His base offense level based upon those drug quantities was thirty-two. However, due to his status as a career offender, Martinez-Torres actual base offense level was calculated to be thirty-seven. He then received a three level downward adjustment for acceptance of responsibility, resulting in a total offense level of thirty-four.

applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the

defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In the instant case, Martinez-Torres' sentence did not rest on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was thirty-two.[2] However, the defendant was a career offender, based on his prior convictions for other drug trafficking offenses, and accordingly his base offense level was increased to thirty-seven pursuant to Section 4B1.1. That

[2] Because of the mixed nature and quantities of the drugs involved in this case, that base offense level would remain the same even if recalculated under the amended guidelines.

enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1). Accordingly, the defendant may not receive any relief under Section 1B1.10.

WHEREFORE, the government requests that this Court deny the defendant's motion.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5049
401-709-5001 (fax)
stephen.dambruch@usdoj.gov
Bar # 3309

CERTIFICATION

I hereby certify that on the 29th day of February, 2008, I mailed a copy of the within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1B1.10, 2D1.1, to:

Hector Martinez-Torres
Reg. No. 05382-070
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Stephen G. Dambruch

Stephen G. Dambruch
Assistant U. S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5049
401-709-5001 (fax)
stephen.dambruch@usdoj.gov
Bar # 3309