IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PHODE ISLAND

---------------------------------------------X

HECTOR MARTINEZ-TORRES

v. Case No. 03-119(T)

UNITED STATES OF AMERICA,

---------------------------------------------X

PETITIONER'S REPLY TO GOVERNMENT'S
RESPONSE TO HIS FILED § 3582 (c)(2) MOTION

Comes Now, the above named pro se petitioner, and files the instant reply to the Government's response to his filed § 3582(c)(2) motion previously filed seeking a reduction of sentence under the now retroactive amendment 706 recognized by the United States Sentencing Commission.

1. The Government in its response appears to represent an errouneous objection to petitioner's 2 point reduction. In its objection the Government drug calculation to which the petitioner was sentence under was not based on the drug quantity reflected within the indictment when after sentencing petitioner. The petitioner was sentenced on the crack cocaine drug type and quantity as reflected within the Governments footnote 1 on page two (2) of its opposition that is, for 84.4 grams of cocaine which substantially increased his drug guideline level.

2. The petitioner understands that § 4B1.1 appears to control his 'Guideline level' as to level 37 originally - prior to the 3-point reduction under § 3E1.1 with a Criminal History Category of V after a reduction of on the Criminal History of one point was reduced as the sentencing court felt it could only go below one level pursuant to USSG § 4B1.3(b)(1).

3. The petitioner now moves the court to consider all factor

found within the doctrine of Booker v. United States, 543 US 220, 263 (2005), as the Sentencing Guidelines are no longer mandatory. See, United States v. Hicks, 472 F. 3d 1167, 1170 (9th Cir. 2007)("because a 'mandatory system is no longer an open choice,' district court's are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)")(citing Booker v. United States, 543 US 220, 263 (2005));

4. Because the United States Sentencing Guidelines are now not mandatory in its nature the sentencing court upon considering this petitioner's § 3582(c)(2) may now take into consideration all factors found within petitioner's sentencing in conjuction with his § 3582(c)(2) motion presented and fashion a sentence that it seems just and proper.

5. For this reason(s) a resentence may be issued in this case.

Respectfully submitted,

[signature]

Hector Martinez-Torres
#05382-070
Fort Dix, FCI
PO. Box 2000
Fort Dix, NJ 08640

CERTIFICATION

I hereby certify that on April 30, 2008, I mailed a copy of the within motion 'Petitioner's reply To Government's Response To His § 3582(c)(2) Motion' seeking reduction of sentence pursuant to title 18 USC § 3582(c)(2) and USSG §§ 1B1.110, 2D1.1 to:

Stephen G. Dambruch
Assistant U.S. Attorney
U.S Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

[signature]

Hector Martinez-Torres