UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---X

HECTOR-MARTINEZ-TORRES

v. CR No.: 03-119 (T)

UNITED STATES OF AMERICA

---X

TO: The Honorable Ernest C. Torres
United States District Judge
United States District Court
Providence, Rhode Island 02903-1779

Dear Judge Torres:

Please accept this letter as a formal motion as a filing of further submissions in support of my pending § 3582(c)(2) motion before your Honor's Court.

I declare under penalty of perjury that the foregoing it true and correct. 28 U.S.C. § 1746.

As of my last "reply to the government's response to my filed § 3582(c)(2) motion (Doc.83) I respectfully request that your Honor consider the following factors as further submissions in support of my § 3582(c)(2) motion.

Particularly, it appears based on the face of my pleadings before your Honor's Court that § 4B1.1 of the USSG appears to control my 'Guideline level' as to 34. However, this appearance was brought to the government and to your Honor's Court (Doc. 83 at p. 1 at number 2) And, I further suggested that your Honor's Court to consider all factor found within the doctrine of Booker and Hicks (Doc. 83 at p. 1 at number 2,3 and p. 2).

Given that your Honor's Court gave the impression to be in dislike of the Career-Offender provisions at my sentencing when your Honor gave the impression that "it felt only authorized to go below one level pursuant to USSG § 4B1.3(b)(1)" at sentencing and because the government conceded to my Criminal History being over-represented at sentencing and because United States v. Boardman, 1st Cir., No.07-1030, 6/11/08), appears to be on the same page as your Honor's Court at my sentencing - where Federal Judges who disagree with the policy decisions made by the Sentencing

Commission when it promulgated the career-offender provisions (4B1..) of the USSG are now free to impose lower sentences on career-offenders, as the United Sattes Court of Appeals for the First Circuit announced June 11, 2008, Boardman Id.

The First Circuit Court of Appeals panel said that the lesson from the U.S. Supreme Court's in recent decisions like Kimbrough v. United States citations ommitted, regarding 'crack cocaine' sentences is that "district Judges may deviate from the guidelines even on the basis of categorical policy disagreements with its now-advisory provisions." Also, see United States v. Sanchez, 517 F.3d 651, 82 CrL 607 (2nd Cir. 2008) where the Second Circuit approved variances from the career-offender provisions. ("We conclude that congress did not intend § 944(h) to deprive the Courts of authority to impose on a career-offender a prison term that is not near the statutory maximum").

For the following reasons I seek your Honor's Court intervention in that I receive a sentence that is proper as justice demands as my pending pleading before the Court are before your Honor's Court seeking relief under amendment 706 now made retroactive to 'crack cocaine' offenders like myself.

Very truly your's

Date: July 16, 2008

Hector Martinez Torres

Hector-Martinez-Torres, pro se
05382-070
FCI Fort Dix (East)
PO. Box 2000
Fort Dix, NJ 08640
Bldg.5711

cc: Stephen G. Dambruch, AUSA
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL.
Providence, RI 02903